UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AMANDA LEE MARCUM,　　　　　　　　　　　CASE NO.: 6:21-cv-00166

　　　PLAINTIFF,

V.

ATLANTIC GAS PARTNERS LLC,

RONALD MILLS, AND LUCILLE

DALEY.

　　　DEFENDANT.

_____

### COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, AMANDA LEE MARCUM, (hereinafter referred to as "the Plaintiff"), by and through her undersigned counsel and sues the Defendants, ATLANTIC GAS PARTNERS LLC, RONALD MILLS, AND LUCILLE DALEY (hereinafter collectively referred to as "Defendants"), and states as follows:

### INTRODUCTION

1. This action is brought by the Plaintiff individually pursuant to the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201, et seq (hereinafter, "the Act").

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). It also has jurisdiction[1] to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

---

[1] See, e.g., Murray v. Stuckey's Inc., 939 F.2d 614 (8th Cir. 1991) (addressing FLSA claims brought by employees of roadside gas station/convenience stores); Scalia v. Liberty Gas Station & Convenience Store, LLC, 444 F. Supp.

3. The venue is proper in the Middle District of Florida because the Defendants employed the Plaintiff in Volusia County, Florida, where the Defendants maintains its headquarters in the Middle District of Florida.

4. The Defendant, Atlantic Gas Partners LLC, is a Florida Limited Liability Company but has their main place of business in Volusia County, Florida, where the Plaintiff worked for the Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. The Defendants, Ronald Mills, Managing Partner of Atlantic Gas Partners LLC, and Lucille Daley, were both responsible for setting Atlantic Gas Partners LLC's payroll policies including those pertaining to overtime and directing the work to be performed by the Plaintiff and other workers.

6. The Plaintiff performed work constituting engagement in interstate or foreign commerce, or the production of goods for interstate commerce and/or a closely related process or occupation directly essential to such production.

7. At all times pertinent to this Complaint, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

---

3d 390 (N.D.N.Y. 2020) (same); Vazquez v. Uooligan Gas Station Convenience Store, Inc., Case No. 2:18-cv-611-ftM-38NPM, 2020 WL 3211151 (M.D. Fla. May 22, 2020) (same); Yasmin v. Triple T II, Inc., Case No. 8:19-cv-1158-T-36AAS, 2020 U.S. Dist. LEXIS 12848, 2020 WL 418874 (M.D. Fla. Jan. 27, 2020) (same); Hajiani v. Rose Servs., Inc., Case No. 1:12-cv-177-TWT, 2013 WL 2951062 (N.D. Ga. June 14, 2013) (same). Ghess v. Kaid, No. 2:19-cv-00021 KGB, 2020 U.S. Dist. LEXIS 222031, at *18 (E.D. Ark. Nov. 27, 2020)

8. The annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, therefore the Act's requirements and the Overtime requirements apply.

9. The Plaintiff has retained the Malatesta Law Office to represent her in this matter and has agreed to pay the firm a reasonable attorney's fee for its services.

## GENERAL ALLEGATIONS

10. From October 7, 2020 through December 16, 2020, the Defendants violated the provisions of 29 U.S.C. §§ 207(a) of the FLSA by failing to pay the Plaintiff overtime.

11. The Plaintiff was paid straight pay during her employment with the Defendants.

12. The Plaintiff was employed as a gas station attendant by the Defendants.

13. The Plaintiff worked a wide range of hours during her employment with the Defendants.

14. On December 12, 2020, the Plaintiff questioned why she was not receiving overtime compensation.

15. After the Plaintiff questioned not receiving overtime, the Defendant, Lucille Daley, was combative and offended by the Plaintiff's overtime request.

16. The Defendants began to nitpick and berate the Plaintiff over alleged issues that were not raised on or before the Plaintiff's engagement in protected activity.

17. On December 16, 2020, the Defendants terminated the Plaintiff for engaging in protected activity.

## COUNT I: VIOLATION OF 29 U.S.C. § 207 (OVERTIME)

18. Plaintiff realleges Paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19. During Plaintiff's employment, she worked hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half for all of her hours.

20. The actual amount of overtime owed shall fluctuate based upon the number of hours worked each week.

21. Records, if any, concerning the number of overtime hours worked, the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend her Complaint for Damages to set forth the precise amount due her.

22. The Defendants willfully violated the FLSA.

23. Plaintiff is entitled to liquidated damages.

**WHEREFORE,** the Plaintiff respectfully requests that judgment be entered in her favor against the Defendants:

    a. Declaring that the Defendants, violated the overtime provisions of 29 U.S.C. § 207;

    b. Awarding Plaintiff overtime compensation in an amount to be calculated;

    c. Awarding Plaintiff liquidated damages in an amount to be calculated;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e. Awarding Plaintiff post-judgment interest; and

    f. Ordering any other and further relief this Court deems to be just and proper.

**COUNT II: VIOLATION OF 29 U.S.C. § 201 ET SEQ. (RETALIATION)**

24. Plaintiff realleges Paragraphs 1 through 17 of this Complaint as if fully set forth herein.

25. On December 12, 2020, the Plaintiff engaged in protected activity under the FLSA.

26. After she engaged in protected activity, the Plaintiff was nitpicked and harassed by the Defendants over alleged issues.

27. On December 16, 2020, the Plaintiff was terminated because she engaged in protected activity.

28. Pursuant to the FLSA, 29 U.S.C. §201 et seq. and particularly §215(a)(3), it is unlawful for an employer to retaliate against or discharge an employee for protesting a violation of the law by their employers or supervisors.

29. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

30. Due to Defendant's FLSA violations, Plaintiff has suffered damages and is entitled to recover from Defendant the payment of lost wages.

**WHEREFORE**, the Plaintiff respectfully requests that judgment be entered in her favor against the Defendant:

  a. Declaring that the Defendant, violated the overtime provisions of the Fair Labor Standards Act;

  b. Awarding the Plaintiff backpay;

  c. Reinstating the Plaintiff or awarding her front pay in lieu of reinstatement;

  d. Awarding the Plaintiff liquidated damages in the amount calculated;

  e. Awarding the Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

  f. Awarding the Plaintiff pre-judgment and post-judgment interest; and

  g. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

31. The Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: January 24, 2020.

        Respectfully submitted,

        By:   /s/   Frank M. Malatesta, Esq.
        **FRANK M. MALATESTA, ESQUIRE**
        Florida Bar No.: 0097080
        MALATESTA LAW OFFICE
        871 Venetia Bay Boulevard, Suite 235
        Venice, Florida 34285
        Telephone No.: (941) 256 - 3812
        Facsimile No.: (888) 501-3865
        Frank@malatestalawoffice.com
        Staff@malatestalawoffice.com
        *Counsel for Plaintiff*